**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LOCATION BASED SERVICES, LLC,** | |
| Plaintiff, | |
| v. | **Civil Action No. 1:17-cv-6610** |
| **RM ACQUISITION, LLC D/B/A RAND MCNALLY,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

This is an action for patent infringement in which Location Based Services, LLC ("Plaintiff") accuses RM Acquisition d/b/a Rand McNally ("Defendant"), of infringing U.S. Patent Nos. 9,214,033, 7,860,648, 8,392,114, 8,768,610, and 7,522,996 (collectively, the "Patents-in-Suit"), alleging as follows:

<u>**PARTIES**</u>

1.      Plaintiff Location Based Services LLC is a Texas limited liability company, having a principal place of business at 1400 Preston Rd., Ste. 400, Plano, TX 75093.

2.      Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 9855 Woods Dr., Skokie, IL 60077. Defendant can be served through its registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

3.      This is an action for infringement of the Patents-in-Suit arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, has committed acts of patent infringement in this district, and maintains its corporate headquarters in this district.

5.      Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Illinois Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District.

## U.S. PATENT NO. 9,214,033

6.      On December 15, 2015, United States Patent No. 9,214,033 (the "'033 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '033 patent is attached hereto as Exhibit A.

7.      Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '033 patent.

8.      Plaintiff is the owner by assignment of the '033 Patent with all rights in and to that patent.

9.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

10.     Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and or/systems, the OverDryve 7 Series (the "Accused Instrumentality") that infringes one or more claims of the ''033 Patent.  The Accused Instrumentality directly infringes claims 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, and 32 of the '033 Patent.

## U.S. PATENT NO. 7,860,648

11.     On December 28, 2010, United States Patent No. 7,860,648 (the "'648 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '648 patent is attached hereto as Exhibit B.

12.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '648 patent.

13.     Plaintiff is the owner by assignment of the '648 Patent with all rights in and to that patent.

14.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

15.     Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and or/systems, *i.e.*, the Accused Instrumentality, that infringes one or more claims of the '648 Patent.  The Accused Instrumentality directly infringes claims 1, 2, 4, 6, 7, 9, 10, 13, and 14 of the '648 Patent.

3

## U.S. PATENT NO. 8,392,114

16.     On March 5, 2013, United States Patent No. 8,392,114 (the "'114 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '114 patent is attached hereto as Exhibit C.

17.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '114 patent.

18.     Plaintiff is the owner by assignment of the '114 Patent with all rights in and to that patent.

19.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

20.     Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and or/systems, *i.e.*, the "Accused Instrumentality, that infringes one or more claims of the '114 Patent.  The Accused Instrumentality directly infringes claims 1, 4, 5, 6 and 7 of the '114 Patent.

## U.S. PATENT NO. 8,768,610

21.     On July 1, 2014, United States Patent No. 8,768,610 (the "'610 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '610 patent is attached hereto as Exhibit D.

22.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al*., are the inventors of the '610 patent.

23.     Plaintiff is the owner by assignment of the '610 Patent with all rights in and to that patent.

24.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

25.     Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and or/systems, *i.e.*, the Accused Instrumentality, that infringes one or more claims of the '610 Patent.  The Accused Instrumentality directly infringes claims 3, 7, 8, 9, 10, 11, 13, 14, 16, 17, 21, and 22 of the '610 Patent.

## U.S. PATENT NO. 7,522,996

26.     On April 21, 2009, United States Patent No. 7,522,996 (the "'996 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Map Display System and Method." A true and correct copy of the '996 patent is attached hereto as Exhibit E.

27.     Edward K. Y. Jung, Royce A. Levien, and Robert W. Lord *et al.*, are the inventors of the '996 patent.

28.     Plaintiff is the owner by assignment of the '996 Patent with all rights in and to that patent.

29.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

30.     Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and or/systems, *i.e.*, the "Accused Instrumentality, that infringes one or more claims of the '996 Patent.  The Accused Instrumentality directly infringes claim 3 of the '996 Patent.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,214,033

31.     Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '033 Patent, shown in Exhibit A.

32.     Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, and 32 of the '033 Patent in the State of Illinois, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation devices, *i.e.*, OverDryve 7c (the "Accused Instrumentality"), to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '033 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '033 Patent pursuant to 35 U.S.C. § 271(a).

33.     For example, the use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 1 of the '033 Patent.  When used, the Accused Instrumentality performs a method related to displaying a map, the method comprising: receiving a request for the map, the map illustrating one or more locations; determining a status associated with at least one of the one or more locations on the map (*e.g.*, traffic conditions), the status at least partially based on one or more traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*e.g.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic information from other GPS devices); and generating a signal related to indicating at least one route associated with the at least one of the one or more locations on the map (*e.g.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication

of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, the traffic conditions are received from other GPS devices). *See* Ex. A-1, Figs. 1-6.

34.     Defendant, its resellers, and end-users have directly infringed claim 2 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality is a system comprising a computing device; and one or more instructions that, when executed on the computing device, cause the computing device to at least: receive a request for a map, the map illustrating one or more locations of interest (*e.g.*, locations on the map); determine a status associated with at least one of the one or more locations on the map (*e.g.*, traffic conditions), the status at least partially based on one or more traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*e.g.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic information received from other GPS devices); and generate a signal related to indicating at least one route associated with the at least one of the one or more locations on the map (*e.g.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, the traffic conditions are received from other GPS devices). *See* Ex. A-1, Figs. 1-8.

35.     Defendant, its resellers, and end-users have directly infringed claim 3 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality is a system comprising: circuitry configured for receiving a request for a map (*e.g.*, a touch screen interface), the map illustrating one or more locations; circuitry configured for determining a status associated with at least one of the one or more locations on the map (*e.g.*, it contains circuitry and software for determining traffic conditions), the status at least partially based on one or more

traffic-related location interaction rules associated with the at least one of the one or more locations on the map (*e.g.*, the current traffic speed as compared to the normal speed of traffic), the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic information from other GPS devices); and circuitry configured for generating a signal related to indicating at least one route associated with the at least one of the one or more locations on the map (*e.g.*, a colored line indicating the route and traffic conditions), the signal generated at least partially based on the status including at least an indication of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, the traffic conditions are received from other GPS devices). *See* Ex. A-1, Figs. 1-6.

36.     Defendant, its resellers, and end-users have directly infringed claim 4 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for updating (*i.e.*, a Wi-Fi adapter), at one or more times (*e.g.*, it automatically updates traffic conditions), the status associated with the at least one of the one or more locations, the status including at least an indication, at the time of updating (*e.g.*, current traffic conditions), of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic information is received from other GPS devices); and circuitry configured for generating a signal related to indicating at least one route associated with the at least one of the one or more locations at least partially based on the status including at least the indication, at the time of updating, of at least one traffic condition verifiable via one or more monitoring devices (*e.g.*, it calculates a route based on the traffic conditions received from other GPS devices and displays a colored line indicative of traffic conditions at the location). *See* Ex. A-1, Figs. 1-6.

37.     Defendant, its resellers, and end-users have directly infringed claim 5 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality

includes circuitry configured for receiving data from one or more monitoring devices capable of determining a traffic condition associated with the at least one of the one or more locations on the map (*e.g.*, it receives traffic information from other GPS devices, each capable of determining traffic conditions associated with the one or more locations). *See* Ex. A-1, Figs. 1-6.

38.     Defendant, its resellers, and end-users have directly infringed claim 6 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry for updating, at one or more times, the status associated with the at least one of the one or more locations, the status including at least an indication, at the time of updating, of at least one traffic condition verifiable via one or more monitoring devices comprises circuitry configured for periodically updating the status associated with the at least one of the one or more locations. (*e.g.*, it periodically updates traffic conditions associated with the location). *See* Ex. A-1, Figs. 1-6.

39.     Defendant, its resellers, and end-users have directly infringed claim 8 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for receiving a request for data related to preparing written directions associated with an order for traversing the one or more locations (*e.g.*, it displays sequential written directions for driving to or through the one or more locations). *See* Ex. A-1, Figs. 1-6 and Fig. 9.

40.     Defendant, its resellers, and end-users have directly infringed claim 9 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for receiving a request for a route associated with an order for traversing the one or more locations (*e.g.*, it can receive a request for directions to multiple locations in a specific order). *See* Ex. A-1, Figs. 1-6 and Fig. 10.

41.     Defendant, its resellers, and end-users have directly infringed claim 10 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for receiving a request for at least one of walking directions or driving directions for traversing the one or more locations in accordance with one or more location interaction rules (*e.g.*, it receives a request for driving directions associated with rules such as avoid tolls, speed limits, or avoid major roads). *See* Ex. A-1, Figs. 1-6 and Figs. 11 and 12.

42.     Defendant, its resellers, and end-users have directly infringed claim 11 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for receiving a request for driving directions capable of directing traversal of the one or more locations including at least avoiding at least one location because of traffic conditions in accordance with one or more interaction rules related to traffic (*e.g.*, it will route a driver around a traffic delay). *See* Ex. A-1, Figs. 1-6 and Figs. 11-13.

43.     Defendant, its resellers, and end-users have directly infringed claim 13 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for receiving a request for a map, the map capable of use in illustrating at least one layout of at least one street (*e.g.*, it displays maps showing the street layouts as well as a lane guidance display). *See* Ex. A-1, Figs. 1-6.

44.     Defendant, its resellers, and end-users have directly infringed claim 14 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for determining a status associated with one or more diminished traffic capabilities associated with the at least one of the one or more locations on the map (*e.g.*, it determines traffic conditions which include road work and/or road/lane closures). *See* Ex. A-1, Figs.1-6 and Fig. 14.

45.     Defendant, its resellers, and end-users have directly infringed claim 16 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for determining at least one location to avoid due to traffic conditions in association with the one or more traffic-related location interaction rules (*e.g.*, it routes around high traffic areas where the speed of traffic is significantly below the posted speed limit). *See* Ex. A-1, Figs. 1-6 and Fig. 13.

46.     Defendant, its resellers, and end-users have directly infringed claim 17 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for generating the signal at least partially based on at least one indication related to the received request for the map, the at least one indication including at least one of shortest distance, least traffic, or fastest route (*e.g.*, the signal indicating the route to be taken is at least partially based on at least one indication related to the received request for the map, the at least one indication including at least one of shortest distance, least traffic, or fastest route). *See* Ex. A-1, Figs.1-6 and Fig. 15.

47.     Defendant, its resellers, and end-users have directly infringed claim 18 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for generating a signal related to indicating an order for traversing the one or more locations in association with the route (*e.g.*, it displays a colored line representing the route as well as text and voice route guidance). *See* Ex. A-1, Figs. 1-6 and Fig. 15.

48.     Defendant, its resellers, and end-users have directly infringed claim 19 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for generating a signal related to revising the route associated with

the one or more locations (*e.g.*, it notifies the driver when a faster route is detected due to traffic conditions). *See* Ex. A-1, Figs. 1-6 and Fig. 13.

49. Defendant, its resellers, and end-users have directly infringed claim 20 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality includes circuitry configured for generating a signal related to revising the route associated with the one or more locations in real time responsive to the status including at least an indication of a traffic condition verifiable via one or more monitoring devices (*e.g.*, traffic data from other GPS devices is used to revise the route in response to changing traffic conditions). *See* Ex. A-1, Figs. 1-6 and Fig. 13.

50. Defendant, its resellers, and end-users have directly infringed claim 21 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality includes circuitry configured for generating a signal related to providing written directions in association with a determined route traversing the one or more locations at least partially based on the determined status of the at least one of the one or more locations on the map (*e.g.*, it generates a signal providing written directions of the route based on traffic conditions). *See* Ex. A-1, Figs. 1-6 and Fig. 10 and Fig. 13.

51. Defendant, its resellers, and end-users have directly infringed claim 22 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality includes circuitry configured for generating a signal related to providing a layout of at least one street in association with a determined route traversing the one or more locations at least partially based on the determined status of the at least one of the one or more locations on the map (*e.g.*, it displays a map of the street as well as an image of upcoming turns or lane changes). *See* Ex. A-1, Figs. 1-5 and Fig. 16.

52. Defendant, its resellers, and end-users have directly infringed claim 24 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality includes circuitry configured for generating a signal related to providing a layout of at least one street in association with a determined route traversing the one or more locations at least partially based on a real time traffic condition of at least one of the one or more locations on the map (*e.g.*, it generates a map of the street and route with a colored line indicating the route and current traffic conditions). *See* Ex. A-1, Figs. 1-6.

53. Defendant, its resellers, and end-users have directly infringed claim 25 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality includes circuitry configured for generating a signal related to indicating on the map a progress indication (*e.g.*, time to destination and distance to destination). *See* Ex. A-1, Figs. 1-6.

54. Defendant, its resellers, and end-users have directly infringed claim 26 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality includes circuitry configured for generating a signal related to indicating on the map a distance to a location (*e.g.*, distance to the next turn or distance to location). *See* Ex. A-1, Figs. 1-6 and Figs. 16 and 17.

55. Defendant, its resellers, and end-users have directly infringed claim 27 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality includes circuitry configured for directing to another portion of the map based on the associated status (*e.g.*, it redirects to another portion of the map depending on the impact of traffic on travel time). *See* Ex. A-1, Figs. 1-6 and Fig. 13.

56. Defendant, its resellers, and end-users have directly infringed claim 28 of the '033 patent by making, using, and/or selling the Accused Instrumentality. The Accused Instrumentality

13

includes circuitry configured for generating a signal related to a revised map in real time at least partially based on the associated status, the associated status indicative of a real time traffic condition associated with the at least one of the one or more locations (*e.g.*, it generates a revised map in real time based on the current traffic conditions associated with possible routes to the destination). *See* Ex. A-1, Figs. 1-6 and Fig. 13.

57.     Defendant, its resellers, and end-users have directly infringed claim 29 of the '033 patent by making, using, and/or selling the Accused Instrumentality.  The Accused Instrumentality includes circuitry configured for receiving a request, the circuitry configured for determining a status, and the circuitry configured for generating a signal are effected in a mobile device, the mobile device including at least one of a GPS, a smartphone, a tablet, or a mobile computing device (*i.e.*, it is mobile computing device). *See* Ex. A-1, Figs. 1-6 and Fig. 17.

58.     Defendant, its resellers, and end-users have directly infringed claim 32 of the '033 patent by making, using, and/or selling the Accused Instrumentality. It includes circuitry configured for generating a signal related to indicating at least one route at least partially based on at least one indication of a direction that a device associated with the received request is at least one of heading or facing (*e.g.*, it generates a signal indicating the route based on the direction of travel, including recalculating the route if the device changes its direction of travel). *See* Ex. A-1, Figs. 1-6 and Fig. 13.

59.     As a result of Defendant's direct infringement of the '033 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and

Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

60.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '033 Patent, Plaintiff will be greatly and irreparably harmed.

**COUNT II**
**INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,214,033**

61.     Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claim 1 of the '033 Patent in the State of Illinois, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Instrumentality to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '033 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '033 Patent pursuant to 35 U.S.C. § 271(b).

62.     As shown above, Defendant has and continues to indirectly infringe the '033 Patent by inducing the infringement by its end-users and resellers of claim 1 of the '033 Patent in accordance with 35 U.S.C. 271(b).

63.     As shown above, Defendant, its resellers, distributors, and end-users of the Accused Instrumentality have engaged in and currently engage in activities that constitute direct infringement of claims 1-6, 8-11, 13, 14, 16-22, and 24-30 of the '033 Patent.

64.     As shown above, the operation and use by Defendant, its resellers, or end-user customers of the Accused Instrumentality constitutes a direct infringement of claims 1-6, 8-11, 13, 14, 16-22, and 24-30 of the '033 Patent.

65.    Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentality and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentality have induced and continue to induce Defendant's resellers and end users to use the Accused Instrumentality in its normal and customary way to infringe claim 1 of the '033 Patent. *See* Ex. F, Figs. 1-11.

66.    Through its making, selling, and/or offering for sale the Accused Instrumentality, Defendant specifically intends that its resellers and end-users infringe claim 1 of the '033 Patent. Defendant has had knowledge of the '033 Patent since the filing of the original complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentality within the United States. Defendant is aware since at least the filing of the original complaint that such actions would induce actual infringement.   Furthermore, Defendant remains aware that these normal and customary activities would infringe the '033 Patent.

67.    For example, in connection with the sale and/or offering for sale of the Accused Instrumentality, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Instrumentality.  Specifically, Defendant provides manuals and support, see, *e.g.*, http://www.randmcnally.com/images/randDocuments/support/2016_11_29_OverDryve_UserManual.pdf. When end-users follow such instructions and support, they directly infringe the '033 Patent.  Defendant knows or should have known that by providing such instructions and support, resellers and end-use customers follow these instructions and support and directly infringe the '033 Patent.  *See* Ex. F, Figs. 1-11.

68.    Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the

'033 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,860,648

69.      Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '648 Patent, shown in Exhibit B.

70.      Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 4, 6, 7, 9, 10, 13, and 14 of the '648 Patent in the State of Illinois, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation devices, *i.e.*, the Accused Instrumentality to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '648 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '648 Patent pursuant to 35 U.S.C. § 271(a).

71.      For example, the use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 1 of the '648 Patent.  It performs a method for a display device to receive a map through a predefined area, the method comprising: transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, in order to download map updates, the user is required to create a Rand McNally account, or registered the device with a preexisting Rand McNally account); receiving the map at the display device, the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, the map includes rules related to the maximum and average speed of traffic, verifiable from other GPS devices); and interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more

17

location interaction rules (*e.g.*, the display is altered to show colored lines of varying colors to indicate traffic conditions). *See* Ex. B-1, Figs. 1-9.

72.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 2 of the '648 Patent.  It receives a status associated with the at least one of the one or more locations on the map (*e.g.*, it receives information regarding the traffic status). *See* Ex. B-1, Figs. 1-11.

73.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 3 of the '648 Patent.  It receives data related to illustrating location detail for the at least one of the one or more locations, the location detail shown being a function of the status (*e.g.*, the traffic data is used to illustrate details regarding the speed of traffic along the route). *See* Ex. B-1, Figs. 1-11.

74.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 4 of the '648 Patent.  It periodically updates the status in accordance with the location interaction rule associated with the at least one of the one or more locations (*e.g.*, traffic information is periodically updated). *See* Ex. B-1, Figs. 1-11.

75.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 6 of the '648 Patent.  It wirelessly transmits the request to a server over a wireless network (*e.g.,* the request for the map data transmits over wi-fi network). *See* Ex. B-1, Figs. 1-9.

76.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 7 of the '648 Patent.  It transmits via at least one of a wireless LAN (WLAN), an IEEE 802 type wireless network, a Bluetooth type wireless network, and/or a

satellite network (*e.g.*, the transmitted request for the map occurs over a wi-fi network). *See* Ex. B-1, Figs. 1-9.

77.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 9 of the '648 Patent.  It is a computer program product comprising: a computer-readable medium (*e.g.*, the Rand McNally software is contained in a computer readable file) bearing one or more instructions for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, the request for to download the applicable map is associated with the user's Rand McNally account); one or more instructions for receiving the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, the map includes rules related to the maximum and average speed of traffic, verifiable from other GPS devices); and one or more instructions for interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules (*e.g.*, the map includes rules related to the maximum and average speed of traffic, verifiable from other GPS devices). *See* Ex. B-1, Figs. 1-9.

78.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 10 of the '648 Patent.  It contains a recordable medium in the form of device memory. *See* Ex. B-1, Figs. 1-9 and Fig. 12.

79.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 13 of the '648 Patent.  It contains instructions for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device includes one or more instructions for wirelessly transmitting the

request to a server over a wireless network (*e.g.*, the transmitted request for the map occurs over a wi-fi network). *See* Ex. B-1, Figs. 1-9.

80.     The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 14 of the '648 Patent.  It contains instructions for wirelessly transmitting the request to a server over a wireless network includes one or more instructions for transmitting via at least one of a wireless LAN (WLAN), an IEEE 802 type wireless network, a Bluetooth type wireless network, and/or a satellite network (*e.g.*, the transmitted request for the map occurs over a wi-fi network). *See* Ex. B-1, Figs. 1-9.

81.     As a result of Defendant's direct infringement of the '648 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

82.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '648 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT IV
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,860,648

83.     Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claims 1, 2, 3, 4, 6, and 7 of the '648 Patent in the State of Illinois, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Instrumentality to the injury of Plaintiff.  Defendant's resellers and end-use

customers are directly infringing, literally infringing, and/or infringing the '648 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '648 Patent pursuant to 35 U.S.C. § 271(b).

84. Defendant has and continues to indirectly infringe the '648 Patent by inducing the infringement by its end-users and resellers of claims 1, 2, 3, 4, 6, and 7 of the '648 Patent in accordance with 35 U.S.C. 271(b).

85. As shown above, Defendant, its resellers, distributors, and end-users of the Accused Instrumentality have engaged in and currently engage in activities that constitute direct infringement of claims 1, 2, 3, 4, 6, and 7 of the '648 Patent.

86. As shown above, the operation and use by Defendant, its resellers, or end-user customers of the Accused Instrumentality constitutes a direct infringement of claims 1, 2, 3, 4, 6, and 7 of the '648 Patent.

87. Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentality and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentality have induced and continues to induce Defendant's resellers and end users to use the Accused Instrumentality in its normal and customary way to infringe claims 1, 2, 3, 4, 6, and 7 of the '648 Patent. *See* Ex. F, Figs. 1-11.

88. Through its making, selling, and/or offering for sale the Accused Instrumentality, Defendant specifically intends that its resellers and end-users directly infringe 1, 2, 4, 6, and 7 of the '648 Patent. Defendant has had knowledge of the '648 Patent since the filing of the original complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentality within the United States. Defendant is aware since at least the filing of the original complaint that such actions would

induce actual infringement. Furthermore, Defendant remains aware that these normal and customary activities would infringe the '648 Patent.

89. For example, in connection with the sale and/or offering for sale of the Accused Instrumentality, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Instrumentality. Specifically, Defendant provides manuals and support, see, *e.g.*, http://www.randmcnally.com/images/randDocuments/support /2016_11_29_OverDryve_UserManual.pdf. When end-users follow such instructions and support, the directly infringe the '648 Patent. Defendant knows or should have known that by providing such instructions and support, resellers and end-use customers follow these instructions and support and directly infringe the '648 Patent. *See* Ex. F Figs. 1-11.

90. Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '648 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## COUNT V
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,392,114

91. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '114 Patent, shown in Exhibit C.

92. Upon information and belief, Defendant has been and is now infringing claims 1, 4, 5, 6, and 7 of the '114 Patent in the State of Illinois, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation devices, *i.e.*, the Accused Instrumentality to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '114 Patent

under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '114 Patent pursuant to 35 U.S.C. § 271(a).

93. For example, the use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 1 of the '114 Patent. It performs a method for a display device to receive a map through a predefined area, the method comprising: transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, the request to download a map is associated with the user's Rand McNally account); receiving the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, the locations on the map are associated with interaction rules such as speed limits, road types, travel allowed, and current traffic conditions, which is verifiable via other GPS devices); and interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules as modified by one or more user interaction rules associated with the user of the display device (*e.g.*, it takes traffic information from other GPS devices and uses this information to modify the displayed map to reflect the traffic speed in comparison to the maximum speed associated with the location). *See* Ex. C-1, Figs. 1-6.

94. The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 4 of the '114 Patent by use of the Accused Instrumentality. It wirelessly transmits the request to a server over a wireless network (*e.g.*, the request to download the map takes place over a Wi-Fi network). *See* Ex. C-1, Figs. 1-6.

95. The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 5 of the '114 Patent by use of the Accused Instrumentality. It

transmits via at least one of a wireless LAN (WLAN), an IEEE 802 type wireless network, a Bluetooth type wireless network, or a satellite network (*e.g.*, it transmits over a wireless LAN 802.11 network). *See* Ex. C-1, Fig. 1.

96. The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 6 of the '114 Patent by use of the Accused Instrumentality. It receives the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices comprising receiving an indication shown on the map related to whether one or more user interaction rules associated with the identifier affect the map (*e.g.*, traffic information is received which relates to whether the maximum speed associated with the location is affected by the traffic conditions associated with that location). *See* Ex. C-1, Figs. 1-8.

97. The use of the Accused Instrumentality by Defendant, its resellers, or end-user customers, directly infringes claim 7 of the '114 Patent by use of the Accused Instrumentality. It receives an indication shown on the map related to whether one or more user interaction rules associated with the identifier affect the map (*e.g.*, traffic information is received which relates to whether the maximum speed associated with the location is affected by the traffic conditions associated with that location). *See* Ex. C-1, Figs. 1-6.

98. As a result of Defendant's direct infringement of the '114 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

24

99.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '114 Patent, Plaintiff will be greatly and irreparably harmed.

**COUNT VI**
**INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,392,114**

100.    Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claims 1, 4, 5, 6, and 7 of the '114 Patent in the State of Illinois, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Instrumentality to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '114 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '114 Patent pursuant to 35 U.S.C. § 271(b).

101.    Defendant has and continues to indirectly infringe the '114 Patent by inducing the infringement by its end-users and resellers of claims 1, 4, 5, 6, and 7 of the '114 Patent in accordance with 35 U.S.C. 271(b).

102.    As shown above, Defendant, its resellers, distributors, and end-users of the Accused Instrumentality have engaged in and currently engage in activities that constitute direct infringement of claims 1, 4, 5, 6 and 7 of the '114 Patent.

103.    As shown above, the operation and use by Defendant, its resellers, or end-user customers of the Accused Instrumentality constitutes a direct infringement of claims 1, 4, 5, 6 and 7 of the '114 Patent.

104.    Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentality and providing instruction manuals, advertisement of the infringing features, and

support for the Accused Instrumentality have induced and continues to induce Defendant's resellers and end users to use the Accused Instrumentality in its normal and customary way to infringe claims 1, 4, 5, 6, and 7 of the '114 Patent. *See* Ex. F Figs. 1-11.

105.    Through its making, selling, and/or offering for sale the Accused Instrumentality, Defendant specifically intends that its resellers and end-users directly infringe 1, 4, 5, and 7 of the '114 Patent. Defendant has had knowledge of the '114 Patent since the filing of this original complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentality within the United States. Defendant is aware since at least the filing of the original complaint that such actions would induce actual infringement. Furthermore, Defendant remains aware that these normal and customary activities would infringe the '114 Patent.

106.    For example, in connection with the sale and/or offering for sale of the Accused Instrumentality, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Instrumentality. Specifically, Defendant provides manuals and support, see, *e.g.*, http://www.randmcnally.com/images/randDocuments/support/2016_11_29_OverDryve_UserManual.pdf. When end-users follow such instructions and support, the directly infringe the '114 Patent. Defendant knows or should have known that by providing such instructions and support, resellers and end-use customers follow these instructions and support and directly infringe the '114 Patent. *See* Ex. F Figs. 1-11.

107.    Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '114 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 8,768,610

108.    Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '610 Patent, shown in Exhibit D.

109.    Upon information and belief, Defendant has been and is now infringing claims 3, 7, 8, 9, 10, 11, 13, 14, 16, 17, 21, and 22 of the '610 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation  devices, *i.e.*, the Accused Instrumentality, covered by one or more claims of the '610 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '610 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '610 Patent pursuant to 35 U.S.C. § 271(a).

110.    The Accused Instrumentality infringes claim 3 of the '610 Patent. It meets the limitations of claim 1, and is a computer system comprising: a processor (*i.e.*, a MTK Quad Core Processor); a memory (*i.e.*, 1GB)  coupled to the processor; a receiver coupled to the processor (*i.e.*,, a GPS receiver); and a map display module coupled to the receiver and the memory, the map display module including a data store configurable to hold data related to one or more interaction rules associated with one or more locations in a predefined area and one or more identifiers (*i.e.*, type of road such as toll or freeway, speed limit on the road, current flow of traffic in comparison to the posted speed limit); and a status module configurable to determine a status associated with at least one of the one or more locations on the map, the status being a function of one or more location interaction rules associated with the at least one of the locations (*i.e.*, it determines traffic conditions based on the flow of traffic and the posted speed limit). *See* Ex. D-1, Figs. 1-6.

27

111. The Accused Instrumentality infringes claim 3 of the '610 patent. It includes a status module configurable to correlate the one or more location interaction rules for the at least one of the locations on the map with data received by one or more monitoring devices associated with the at least one of the one or more locations on the map (*i.e.*, traffic monitoring from other GPS devices and other sources is used to determine traffic conditions). *See* Ex. D-1, Figs. 1-9.

112. The Accused Instrumentality infringes claim 7 of the '610 Patent. It is a system for receiving a map through a predefined area at a display device, the system comprising: circuitry for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*i.e.*, a user's Rand McNally); circuitry for receiving the map including one or more locations (*i.e.*, a WiFi receiver), at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*i.e.*, traffic speed limits and current traffic conditions); and circuitry for interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules as modified by one or more user interaction rules associated with the user of the display device (*i.e.*, as traffic conditions change the device updates the displayed map to include the current traffic conditions in relation to the speed limit associated with the map location). *See* Ex. D-1, Fig. 6 and Figs. 6-14.

113. The Accused Instrumentality infringes claim 8 of the '610 Patent. It is a system for receiving a map through a predefined area at a display device, comprising circuitry for transmitting a request for the map including one or more locations, the request including an identifier associated with a user of the display device (*e.g.*, it includes a wi-fi transmitter/receiver for transmitting a request for the map, including the users Rand McNally identification); circuitry for receiving the map including one or more locations, at least one location of the one or more locations associated

with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, it includes a wi-fi transmitter/receiver for receiving a map including multiple locations and interaction rules such as road type, maximum speed, and traffic conditions); and circuitry for interacting with the one or more monitoring devices to alter the map on the display device as a function of the one or more location interaction rules (*e.g.*, a processor and instructions for altering the map displayed as a function of the interaction rules, such as adding a colored over lay to the route to indicate traffic conditions as compared to the maximum speed allowed on the route). *See* Ex. D-1, Figs. 1-14.

114. The Accused Instrumentality infringes claim 9 of the '610 Patent. It meets the limitations of claim 8 and also include circuitry for receiving a status associated with the at least one of the one or more locations on the map (*e.g.*, a wi-fi transmitter for receiving traffic information associated with the locations on the map). *See* Ex. D-1, Figs. 1-14.

115. The Accused Instrumentality infringes claim 10 of the '610 Patent. It meets the limitations of claim 9 and also include circuitry for receiving data related to illustrating location detail for the at least one of the one or more locations, the location detail shown being a function of the status (*e.g.*, a wi-fi transmitter/receiver for receiving traffic information). *See* Ex. D-1, Figs. 1-14.

116. The Accused Instrumentality infringes claim 11 of the '610 Patent. It meets the limitations of claim 9 and also include circuitry for periodically updating the status in accordance with the location interaction rule associated with the at least one of the one or more locations (*e.g.*, a wi-fi transmitter which periodically updates traffic information associated with the locations on the map). *See* Ex. D-1, Figs. 1-14.

117.    The Accused Instrumentality infringes claim 13 of the '610 Patent. It meets the limitations of claim 8 and also include circuitry for wirelessly transmitting the request to a server over a wireless network (*e.g.*, a wi-fi transmitter/receiver).  *See* Ex. D-1, Figs. 1-14.

118.    The Accused Instrumentality infringes claim 14 of the '610 Patent. It meets the limitations of claim 13 and also include circuitry for transmitting via at least one of a wireless LAN (WLAN), an IEEE 802 type wireless network, a cellular network, a Bluetooth type wireless network, or a satellite network (*e.g.*, a wi-fi transmitter/receiver). *See* Ex. D-1, Figs. 1-15.

119.    The Accused Instrumentality infringes claim 16 of the '610 Patent. It meets the limitations of claim 8 and also include circuitry for receiving the map at the display device, the map including one or more locations, at least one location of the one or more locations associated with one or more location interaction rules verifiable via one or more monitoring devices (*e.g.*, a wi-fi transmitter/receiver which receives traffic information originating from other GPS devices). *See* Ex. D-1, Figs. 1-14.

120.    The Accused Instrumentality infringes claim 17 of the '610 Patent. It meets the limitations of claim 8 and also include circuitry for transmitting an identifier associated with the display device (*e.g.*, a wi-fi transmitter/receiver which sends the Rand McNally identification associated with the display device). *See* Ex. D-1, Figs. 1-14.

121.    The Accused Instrumentality infringes claim 21 of the '610 Patent. It meets the limitations of claim 8 and also include circuitry for transmitting a request for the map including one or more locations to a server, the server configured for at least relaying data received from one or more display devices to another of the one or more display devices (*e.g.*, a wi-fi transmitter/receiver which sends data to a server which transmits that data to other GPS devices). *See* Ex. D-1, Figs. 1-14.

122.    The Accused Instrumentality infringes claim 22 of the '610 Patent. It meets the limitations of claim 8 and also include circuitry for receiving at least one traffic condition associated with at least one location in the predefined area (*e.g.*, a wi-fi transmitter/receiver which receives traffic information associate with the map locations). *See* Ex. D-1, Figs. 1-14.

123.    As a result of Defendant's infringement of the '610 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

124.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '610 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 7,522,996

125.    Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '996 Patent, shown in Exhibit E.

126.    Upon information and belief, Defendant has been and is now infringing claim 3 of the '996 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale navigation devices and software, *i.e.*, the Accused Instrumentality, covered by one or more claims of the '996 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '996 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '996 Patent pursuant to 35 U.S.C. § 271(a).

127.    The Accused Instrumentality infringes claim 3 of the '996 Patent. It meets the limitations of claims 1 and 2 of the '996 Patent.  For example, the Accused Instrumentality meets the limitations of claim 1, comprising: receiving a request for a map display illustrating information relative to one or more locations in a predetermined area; determining a status associated with at least one of the locations on the map display (*i.e.*, traffic status is determined using the speed limit associated with the location, the status of the road including accidents and whether or not the road is open or closed, and the type of road such as toll or free), the status being a function of one or more location interaction rules associated with at least one of the locations on the map display (*i.e.*, whether the road is closed or open, whether the road is a toll road and whether the user has disallowed toll roads, whether the speed of traffic is greatly slowed or stopped in comparison to the maximum speed associated with the location); and generating a signal to indicating on the map display the status regarding a permitted traverse or visit that is allowed under an applicable location interaction rule associated with the at least one of the locations on the map display (*i.e.*, an icon showing traffic conditions, road closures, or disallowing traversal on the road based on the user settings such as avoid tolls or traffic). *See* Ex. E-1, Figs. 1-5.

128.    Furthermore, the Accused Instrumentality meets the limitations of claim 2 of the '996 Patent.  It periodically updates the status associated with the at least one of the locations (*i.e.*, road closures and traffic conditions) and generates a signal related to indicating on the map display an updated status associated with the at least one of the locations (*i.e.*, road closures and traffic conditions are indicated on the displayed map). *See* Ex. E-1, Figs. 1-5.

129.    Finally, the Accused Instrumentality infringes claim 3 of the '996 Patent.  It receives data from one or more monitoring devices capable of determining a user interaction with the at least one of the locations on the map display (*i.e.*, traffic data is collected from other GPS

devices and are used to determine the traffic conditions at the map locations). *See* Ex. E-1, Figs. 1-8.

130.    As a result of Defendant's infringement of the '996 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

131.    Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '996 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT IX
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,522,996

132.    Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claim 3 of the '996 Patent in the State of Illinois, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Instrumentality to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '996 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '996 Patent pursuant to 35 U.S.C. § 271(b).

133.    Defendant has and continues to indirectly infringe the '996 Patent by inducing the infringement by its end-users and resellers of claim 3 of the '996 Patent in accordance with 35 U.S.C. 271(b).

134.    As shown above, Defendant, its resellers, distributors, and end-users of the Accused Instrumentality have engaged in and currently engage in activities that constitute direct infringement of claim 3 of the '996 Patent.

135.    As shown above, the operation and use by Defendant, its resellers, or end-user customers of the Accused Instrumentality constitutes a direct infringement of claim 3 of the '996 Patent.

136.    Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentality and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentality have induced and continues to induce Defendant's resellers and end users to use the Accused Instrumentality in its normal and customary way to infringe claim 3 of the '996 Patent. *See* Ex. F, Figs. 1-11.

137.    Through its making, selling, and/or offering for sale the Accused Instrumentality, Defendant specifically intends that its resellers and end-users directly infringe 3 of the '996 Patent. Defendant has had knowledge of the '996 Patent since the filing of this original complaint and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentality within the United States. Defendant is aware since at least the filing of the original complaint that such actions would induce actual infringement.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the '996 Patent.

138.    For example, in connection with the sale and/or offering for sale of the Accused Instrumentality, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Instrumentality.  Specifically, Defendant provides manuals        and        support,        see,        *e.g.*,        http://www.randmcnally.com/images/

34

randDocuments/support/2016_11_29_OverDryve_UserManual.pdf.  When end-users follow such instructions and support, the directly infringe the '996Patent.  Defendant knows or should have known that by providing such instructions and support, resellers and end-use customers follow these instructions and support and directly infringe the '996 Patent.  *See* Ex. F, Figs. 1-11.

139.  Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '996 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.  A judgment in favor of Plaintiff that Defendant has infringed the Patents-in-Suit;

2.  a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit, or such other equitable relief the Court determines is warranted;

3.  a judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4.  any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED September 13, 2017            Respectfully submitted,

                                             */s/David R. Bennett*
                                             David R. Bennett
                                             Direction IP Law
                                             P.O. Box 14184
                                             Chicago, IL 60614-0184
                                             Telephone: (312) 291-1667
                                             e-mail: dbennett@directionip.com

                                             **ATTORNEY FOR PLAINTIFF**
                                             **LOCATION BASED SERVICES, LLC**

*Of Counsel:*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

36